ATTORNEY DISCIPLINARY ' PROCEEDINGS
hPER CURIAM.
The Office of Disciplinary Counsel (“ODC”) commenced an investigation into allegations that respondent neglected his clients’ legal matters, failed to communicate with his clients, and failed to expedite litigation. After the filing of formal charges but prior to a formal hearing, respondent and the ODC submitted a joint petition for consent discipline. In that petition, the parties stipulated that respondent’s conduct violated the following Rules of Professional Conduct: Rules 1.3 (failure to act with reasonable diligence and *9 promptness in representing a client), 1.4 (failure to communicate with a client), and 3.2 (failure to make reasonable efforts to expedite litigation). As a sanction, they proposed respondent be suspended from the practice of law for one year and one day, with the provision that the suspension be fully deferred, subject to a twelvemonth period of probation with conditions. Having reviewed the petition,
IT IS ORDERED that the Petition for Consent Discipline be accepted and that Gilbert E. Stampley, Louisiana Bar Roll number 12392, be suspended from the practice of law in Louisiana for a period of one year and one day. It is further ordered that this suspension shall be fully deferred and respondent shall be placed on probation for a period of twelve months, subject to the conditions set forth in the petition for consent discipline. Any failure by respondent to comply with these conditions or additional misconduct by respondent during the probationary period | ¡.may be grounds for making the deferred suspension executory or imposing additional discipline, as appropriate.
IT IS FURTHER ORDERED that all costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.